UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIS G. BURGOS-RODRÍGUEZ,

    Petitioner,

v.

PUEBLO DE PUERTO RICO,

    Respondent.

Civil No. 14-1528 (JAF)

## **OPINION AND ORDER**

Petitioner Luis G. Burgos-Rodríguez ("Burgos-Rodríguez") comes before the court with a petition under 28 U.S.C. § 2254 to set aside the criminal conviction and judgment entered against him by the Courts of the Commonwealth of Puerto Rico. (Docket No. 2.) We deny his petition because it is time-barred.

## **I.**

## **Background**

On June 16, 2007, the Commonwealth accused Burgos-Rodríguez of committing criminal acts. After his arraignment, the Commonwealth Court dismissed the charges due to a violation of Burgos-Rodríguez's right to a speedy trial. Then, on November 27, 2007, the prosecution filed new accusations without the need for another preliminary hearing, based on a recent Commonwealth Supreme Court case. (Docket No. 22-4 at 4.) Burgos-Rodríguez challenged the arrest and search, and he filed an interlocutory appeal. On January 31, 2008, the Commonwealth Court of Appeals held that the trial court "correctly concluded that the State fulfilled the burden of proof required to show that the arrest and incidental search were lawful." (Docket No. 22-6 at 5.) Burgos-Rodríguez was then tried by a Commonwealth Court jury for sexual assault, robbery, a Puerto Rico

Weapons Law violation, and an attempted kidnapping. (Docket No. 22-1 at 5.) On September 30, 2008, the jury found Burgos-Rodríguez guilty of the sexual assault charge and the weapons law charge. (Docket No. 19 at 2; Exhibit 1 at 4; Docket No. 22-1 at 28-29; Docket No. 22-4 at 4.)

Before sentencing, on October 27, 2008, a Commonwealth Supreme Court case set forth "a new procedural rule that established that once an accusation is dismissed because the right to a speedy trial is violated, if the Prosecution decides to start a new procedure, it must begin with a finding of probable cause for arrest all over again." (Docket No. 22-4 at 14.) Using this case, Burgos-Rodríguez unsuccessfully argued that the Commonwealth Court must "arrest the judgment" of guilt. (Docket No. 22-4 at 14.) The prosecution filed a motion to include aggravating circumstances in his sentencing. (Docket No. 22-4 at 4.) On December 18, 2008, the trial court sentenced Burgos-Rodríguez to a forty-five (45) year term of imprisonment. (Docket No. 19 at 2; Exhibit 1 at 4; Docket No. 22-1 at 28-29.)

Burgos-Rodríguez appealed his sentence to the Commonwealth Appellate Court. He alleged that the trial court, via the jury, erred by finding that he was guilty "in light of exclusionary DNA evidence," by denying the motion for peremptory acquittal, and by reaching an "illogical verdict;" by "entering judgment with aggravating circumstances;" and by "denying a motion in arrest of judgment." (Docket No. 19 at 2; Docket No. 8 at 13-14; Docket No. 22-2 at 1.) On May 24, 2010, the Commonwealth Appeals Court vacated the portion of his sentence related to the weapons law violation and remanded that portion to the trial court for a hearing regarding aggravating circumstances. The Appeals Court wrote that "[I]f the Prosecution is seeking the imposition of a penalty with aggravating circumstances, it will be necessary for the court of instance to hold a hearing

to those effects and for a jury to determine if the aggravating circumstances were proved beyond a reasonable doubt." (Docket No. 22-4 at 22.) Burgos-Rodríguez's new sentence became final on July 29, 2010. (Docket No. 19 at 2.)[1] He filed a writ of certiorari in the Commonwealth Supreme Court on August 5, 2010, but his writ was time-barred and, therefore, denied. (Docket No. 19 at 2; Exhibit No. 2 at 3; Docket No. 22-3 at 3.).

On February 17, 2011, Burgos-Rodríguez filed a habeas corpus petition in the Commonwealth Court. The Court held a hearing, granted the petition, and ordered his release. (Docket No. 19 at 3.) The Puerto Rico government appealed. (Docket No. 19 at 3, Ex. 3.) On March 30, 2012, the Commonwealth Court of Appeals ruled that,

> [i]t is our conclusion that the CFI [Commonwealth Trial Court] erred when it made the rule laid down in *Pueblo v. Camacho Delgado, supra,* retroactive to the appellee's case. Likewise, it erred when it vacated the criminal sentences imposed on the appellee after a fair and impartial trial was held against him…,

and reinstated his original sentence. (Docket No. 22-4 at 15-16.) Burgos-Rodríguez then filed a petition for certiorari in the Commonwealth Supreme Court, which was denied on October 2, 2012. (Docket No. 22-5 at 2.) On November 9, 2012, the Commonwealth Supreme Court denied Burgos-Rodríguez's first motion for reconsideration. (Docket No. 22-5 at 3.) On December 14, 2012, the Commonwealth Supreme Court denied his second motion for reconsideration. (Docket No. 22-5 at 4.)

On July 2, 2014, Burgos-Rodríguez filed the instant petition under 28 U.S.C. § 2254 to set aside the criminal conviction and judgment the Courts of the Commonwealth of Puerto Rico entered against him. (Docket Nos. 2, 8.) We ordered the

---

[1] The record does not include a copy of this judgment. Therefore, we do not know for certain if a hearing was held, or if the sentence was merely lowered to exclude aggravating factors. What we do know is that the Commonwealth Court of Appeals later stated that on June 29, 2010, the appellate court denied a motion for reconsideration, and that Burgos-Rodriguez's sentences "became final and enforceable since July 29, 2010." *People v. Burgos Rodriguez*, 2012 WL 1667583 at 8 (Circuit Court of Appeals).

Puerto Rico Department of Justice ("PRDOJ") to file a responsive pleading and/or a motion to dismiss. (Docket No. 12.) On September 19, 2014, the PRDOJ filed a motion to dismiss the petition. (Docket No. 19.) On October 29, 2014, Burgos-Rodríguez filed a response in opposition to that motion, in which he repeated his prior arguments. (Docket No. 24-2).

## II.

### Analysis

Federal courts may consider a claim under § 2254 on the ground that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). We, however, lack jurisdiction in this case because it is time-barred.

Section 2254 petitions must be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This one-year limitation is tolled while a properly-filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, the statutory tolling does not include pending federal habeas petitions. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Burgos-Rodríguez's judgment became final on July 29, 2010. (Docket No. 22-4 at 14.)[2] Burgos-Rodríguez never argued that there was an impediment to his filing an application; that there was a newly-recognized retroactively-applicable United States Supreme Court case; or that there were factual predicates to the claim that he could not have previously discovered through the exercise of due diligence. Burgos-Rodríguez had one year to file the instant petition, and that limitation was tolled while he awaited state post-conviction review. *See* 28 U.S.C. § 2244(d)(2). Therefore, his time limitation was tolled from February 17, 2011, when he filed a habeas corpus petition in Commonwealth Court, until, at the very latest, December 14, 2012, when the Commonwealth Supreme Court denied his second motion for reconsideration.[3] (Docket Nos. 19 at 3, and 22-5 at 3-4.) Even using the date of the second motion for reconsideration, Burgos-Rodríguez's claim became time-barred on May 25, 2013. Because he did not file the instant petition until more than a year later – July 2, 2014, Burgos-Rodríguez's petition is time-barred, and we lack jurisdiction in this matter. (*See* Docket Nos. 2, 8.) We must deny his petition.

### III.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing Section 2254 Cases, whenever issuing a denial of 2254 relief, we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing,

---

[2] We take this from the Commonwealth Court of Appeals Case, *People v. Burgos Rodriguez*, 2012 WL 1667583 at 8 (Circuit Court of Appeals). The case states that Burgos-Rodriguez's "sentences had already become final and enforceable since July 29, 2010."

[3] Burgos-Rodriguez's claim would be time-barred even if it were tolled until the decision on his second motion for reconsideration. Therefore, we need not examine whether his tolling ended after the initial Commonwealth Supreme Court decision, the first motion for reconsideration, or the second motion for reconsideration, because the result would remain the same.

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Burgos-Rodríguez has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Burgos-Rodríguez may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## IV.
## Conclusion

For the foregoing reasons, we hereby **DENY** Burgos-Rodríguez's § 2254 petition (Docket No. 2). Pursuant to Rule 4 of the Rules Governing § 2254 Cases, summary dismissal is in order because it plainly appears from the record that Burgos-Rodríguez is not entitled to § 2254 relief from this court. According to Rule 8 of the Rules Governing § 2254 Cases, an evidentiary hearing is only held if the petition is not dismissed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of December, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE